**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| E.R., a Minor, through her Guardian, L.H., individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIKTOK, INC. and BYTEDANCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff E.R., a minor, by and through her Guardian L.H., brings this Class Action Complaint against Defendants TikTok, Inc. ("TikTok") and ByteDance, Inc. ("ByteDance") (collectively the "Defendants") both individually and on behalf of all other similarly situated individuals. Plaintiff alleges the following:

**INTRODUCTION**

1.      Every individual has unique biometric identifiers by which he or she can be identified. One such biometric identifier is a person's facial geometry.

2.      As the Illinois General Assembly has found: "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS § 14/5(c).

3.      Pursuant to Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS §14/1, *et seq.*, Illinois prohibits among other things, private entities from collecting, capturing, obtaining, disclosing, redisclosing, disseminating or profiting from the biometric identifiers or information of an individual without providing written notice and without obtaining a written release from the impacted individual or his authorized representative.   BIPA also requires private entities in possession of biometric identifiers to adopt retention and destruction policies and to take measures to prevent the release of that information.

4.      Plaintiff brings this privacy class action case against TikTok, a video-sharing social networking service used to create short videos, favored by children and teens.  TikTok's owner, ByteDance, was founded in 2012 and based in Beijing, China.  ByteDance, is well known as a hit app factory that has spent the last decade using technologies such as artificial intelligence and facial recognition.[1] TikTok currently has approximately 2.4 million active daily users, many of whom are minors.  This action seeks to ensure that Illinois minors' privacy is adequately protected.

5.      Plaintiff and class members have particular concerns here given TikTok's reported connections to the Chinese government, which have recently come under close public scrutiny.  At least two U.S. Senators formally requested that the Intelligence Community conduct an assessment of the national security risks posed by TikTok. Because of data concerns, some U.S. military branches have even banned the use of the app on government-issued phones. Republican Senator

---

[1]  *"Worries That TikTok Is A Threat To National Security Have Merit,"* at https://www.bloomberg.com/news/newsletters/2019-10-29/worries-that-tiktok-is-a-threat-to-national-security-have-merit (last accessed May 8, 2020).

Josh Hawley has called for a total ban on the use of the app across the United States.[2] Reddit CEO and co-founder Steve Huffman called TikTok "fundamentally parasitic" due to privacy concerns.[3]

6.     As alleged in detail below, Defendants, through the popular app used to create short dance, lip-sync, comedy and talent videos, collected, captured, obtained, stored and, upon information and belief, disclosed and otherwise disseminated Illinois resident minor TikTok users' facial geometric scans.

7.     Defendants engaged in this conduct: (a) without adequately informing the impacted individuals, including Plaintiff and members of the proposed class (the "Class Members"), that their biometric identifiers were being collected, captured, obtained, disclosed, redisclosed or otherwise disseminated; (b) without informing the impacted individuals in writing of the purpose of the collection, capture, obtainment, disclosure, redisclosure and dissemination of the biometric identifiers and information; and (c) without seeking and obtaining written releases from such impacted individuals or their authorized representatives.

8.     As the Illinois General Assembly has found and both the Illinois Supreme Court and Seventh Circuit Court of Appeals have confirmed, the harm to Plaintiff and Class Members as a result of the BIPA violations alleged herein has already occurred.

9.     Further, as businesses worldwide compete to develop ever more advanced facial recognition technology, the race for data imperils the privacy of individuals everywhere.  Public policy in Illinois provides that given the risks of unwanted data collection and disclosure, citizens

---

[2] "*Is TikTok Raiding Your Privacy in 2020? Here Is How To Stop It*," at https://www.forbes.com/sites/tjmccue/2020/02/13/is-tiktok-raiding-your-privacy-in-2020-here-is-how-to-stop-it/#1e34f6b569c8 (last accessed May 8, 2020).

[3] "*Reddit CEO Says TikTOk Is 'Fundamentally Parasitic,' Cites Privacy Concerns*," at https://www.theverge.com/2020/2/27/21155845/reddit-ceo-steve-huffman-tiktok-privacy-concerns-spyware-fingerprinting-tracking-users (last accessed May 8, 2020)

need the power to make decisions about the fate of their unique biometric identifiers and information. Defendants' actions robbed Plaintiff and Class Members of that power.

10.     Plaintiff brings this Class Action Complaint seeking: (a) statutory damages of $5,000 per BIPA violation, or, alternatively, if Defendants acted negligently, $1,000 per BIPA violation, along with attorneys' fees and costs; (b) disgorgement of Defendants' ill-gotten gains derived from the use of the unlawfully-acquired data; and (c) an injunction (i) barring Defendants from any further use of individuals' biometric identifiers and information; (ii) barring Defendants from continuing to collect, capture, obtain, disclose, redisclose, disseminate and profit from Plaintiff's and Class Members' biometric identifiers and information; (iii) requiring Defendants to delete and destroy all biometric identifiers and information in their possession, custody and control; and (iv) requiring Defendants to claw back the biometric identifiers and information from any third parties to whom Defendants disclosed, redisclosed or disseminated it.

## PARTIES

11.     At relevant times, Plaintiff E.R., a minor, was and remains an Illinois resident. Plaintiff's Guardian, L.H. was also, at relevant times, and is through the date of this filing an Illinois resident. Defendants performed facial geometric scans of Plaintiff through Plaintiff's use of the TikTok app.

12.     Defendant TikTok, Inc. is a California corporation with its principal place of business in Culver City, California. TikTok, Inc. has a registered agent in Illinois.

13.     Defendant ByteDance, Inc. is a Delaware corporation with its principal place of business in Palo Alto, California. ByteDance, Inc. has a registered agent in Illinois.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act") because sufficient diversity of citizenship exists between the parties in this action, the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, and there are 100 or more members of the Classes.  Because it is estimated that the Class will have thousands of members and Defendants' intentional and reckless violations of BIPA are punishable by statutory damages of $5,000 per violation, the amount in controversy is well in excess of $5,000,000.

15.    This Court has personal jurisdiction over Defendants because Defendants used and disseminated data derived directly from Illinois-based TikTok users and exposed residents of Illinois to ongoing privacy risks within Illinois based on the collection, capture, obtainment, disclosure, redisclosure and dissemination of their biometric identifiers and information.  Furthermore, many of the images Defendants used for their unlawful collection, capture and obtainment of biometric identifiers and information were created in Illinois, uploaded from Illinois, and/or managed via Illinois-based user accounts, computers, and mobile devices.  Because of the scope and magnitude of Defendants' conduct, Defendants knew that its collection, capture, obtainment, disclosure, redisclosure and dissemination of impacted individuals' biometric identifiers and information would injure Illinois residents and citizens.  Defendants knew or had reason to know that collecting, capturing, obtaining, disclosing, redisclosing and disseminating Illinois citizens' and residents' biometric identifiers and information without providing the requisite notice or obtaining the requisite releases would deprive Illinois citizens and residents of their statutorily-protected privacy rights, neutralize Illinois citizens' and residents' ability to control access to their biometric identifiers and information via their Illinois-managed devices and

exposed minors in Illinois to potential surveillance and other privacy harms as they went about their lives within the state.

16.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred in Illinois.  Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendants.

## ILLINIOIS BIOMETRIC PRIVACY LAWS

17.     BIPA seeks to safeguard individuals' biometric identifiers and information.

18.     Biometric identifiers include a scan of an individual's face geometry.  740 ILCS § 14/10.

19.     Biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual."  740 ILCS § 14/10.

20.     Pursuant to BIPA, a private entity, such as Defendants, is among other things: (a) prohibited from collecting, capturing or otherwise obtaining an individual's biometric identifiers and information without providing written notice and obtaining a written release; (b) prohibited from selling, leasing, trading or otherwise profiting from an individual's biometric identifiers and information; (c) prohibited from disclosing, redisclosing or otherwise disseminating an individual's biometric identifiers or information in the absence of circumstances specifically set forth in the statute; and (d) required, to the extent it is in possession of biometric identifiers or information, to develop a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying such identifiers and information.  740 ILCS § 14/15.

21.     BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for

negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional or reckless violations of its provisions. 740 ILCS § 14/20. BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS § 14/20.

## FACTUAL ALLEGATIONS

### I. Defendants' Unlawful Conduct

22.     ByteDance, Inc. the parent company of TikTok, Inc., first launched the TikTok app (then known as "Douyin") in China in September 2016. The app ultimately became available in the United States in August 2018 following a merger between TikTok and Shanghai-based social media platform musical.ly. While TikTok and Douyin are similar to each other and essentially the same app, they run on separate servers to comply with Chinese censorship restrictions.

23.     The app allows users to create short music and lip-sync videos of 3 to 15 seconds and short looping videos of 3 to 60 seconds. By October 2018, TikTok was the most downloaded app in the United States.

24.     As of January 2020, users in their teens, like Plaintiff and Class Members, accounted for 37.2 percent of TikTok's active user accounts in the United States.

25.     In direct violation of the BIPA, the TikTok app's proprietary facial recognition technology scans every video uploaded to the app for faces, extracts geometric data relating to the unique points and contours (*i.e.,* biometric identifiers) of each face, and then uses that data to create and store a template of each face – all without ever informing anyone of this practice.

26.     To accomplish this end, Defendants implemented an artificial intelligence tool in the app that automatically performs these facial scans. This technology permits users to superimpose images onto their face or to use various "filters" that alter, distort, or enhance their facial features.

7

27.     In collecting, capturing and otherwise obtaining the biometric identifiers and information of Plaintiff and Class Members and, upon information and belief, subsequently disclosing, redisclosing and otherwise disseminating those biometric identifiers and information to other related corporate entities – all without providing the requisite notice, obtaining the requisite releases or satisfying any of BIPA's other provisions that would excuse it from BIPA's mandates – Defendants violated BIPA.

28.     In further violation of BIPA, Defendants failed to use a reasonable standard of care to protect Plaintiff's and Class Members' biometric identifiers and information from disclosure and, in fact, affirmatively disclosed their biometric identifiers and information.[4]

29.     In further violation of BIPA, as a private entity in possession of Plaintiff's and Class Members' biometric identifiers and information, Defendants failed to adopt or make available to the public a retention schedule or guidelines for permanently destroying such biometric identifiers and information once the initial purpose for collecting them had or has been satisfied.

30.     Defendants' violations of BIPA were intentional and reckless or, in the alternative, negligent.

## II.     Allegations Related to Plaintiff E.R.

31.     Plaintiff E.R., a 16-year-old minor, has, within the applicable statute of limitations, uploaded and posted numerous videos to TikTok which include images of her face, and her face has appeared in other users' uploaded videos.  Plaintiff has uploaded videos, and/or Plaintiff's face

---

[4] https://www.tiktok.com/legal/privacy-policy?lang=en (accessed May 8, 2020) ("We share the categories of personal information listed above with service providers and business partners to help us perform business operations and for business purposes, including research, payment processing and transaction fulfillment, database maintenance, administering contests and special offers, technology services, deliveries, email deployment, advertising, analytics, measurement, data storage and hosting, disaster recovery, search engine optimization, marketing, and data processing").

has appeared in videos uploaded by other users, employing TikTok's face sticker, face filter, and face tracker lens technology.

32.     Through these videos, Defendants have collected and stored Plaintiff's unique biometric identifiers or biometric information.  Upon information and belief, Defendants have disclosed and/or disseminated these biometric identifiers or biometric information to third parties.

## III.     Plaintiff's and Class Members' Injuries and Damages

33.     As alleged herein, as a result of Defendants' unlawful conduct, Plaintiff and Class Members have already sustained injuries and face imminent and certainly impending injuries.

34.     Defendants' unlawful conduct has resulted in, among other things: (a) Plaintiff's and Class Members' unique biometric identifiers and information being collected, captured, obtained, disclosed, redisclosed, and otherwise disseminated without the requisite notice having been given and without the requisite releases having been obtained; and (b) Plaintiff and Class Members being deprived of the very control over their biometric identifiers and information that BIPA was designed to protect, and which Illinois courts both State and Federal have reaffirmed.

35.     To this day, Plaintiff and Class Members do not know which, or how many, individuals or entities have received, obtained, accessed, stored, disclosed, redisclosed or otherwise made use of Plaintiffs' and Class Members' biometric identifiers and information, exposing them to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering and other invasions of privacy.[5]

36.     As a result of Defendants' misconduct, Plaintiff and Class Members have no recourse for the fact that their biologically unique information has been compromised.

---

[5] "*Facial Recognition Tech: 10 Views on Risks and Rewards*," at
https://www.forbes.com/sites/forbestechcouncil/2018/04/03/facial-recognition-tech-10-views-on-risks-and-rewards/#54d3e1716b3c (last accessed on May 8, 2020)

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action individually and as a class action under Federal Rule of Civil Procedure 23, seeking damages and equitable relief on behalf of the following Class for which Plaintiffs seek certification: <u>All Illinois residents who, within the applicable statute of limitations, registered for or used the TikTok Application when aged 14 through 17, and their parents and/or legal guardians</u>.

38.     Excluded from the Class are: (a) Defendants; (b) any parent, affiliate or subsidiary of Defendants; (c) any entity in which Defendants has a controlling interest; (d) any of Defendants' officers or directors; or (e) any successor or assign of Defendants.  Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

39.     Plaintiff reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

40.     **Numerosity.**  While the exact number of Class Members is not known at this time, Defendants collected, captured, obtained, disclosed, redisclosed and otherwise disseminated biometric identifiers and information from hundreds of millions of users, and Plaintiff estimates the total number of Class Members to be, at least, in the thousands.  Consistent with Rule 23(a)(1), the proposed Class is therefore so numerous that joinder of all members is impracticable.  Class Members may be identified through objective means, including objective data available to Defendants regarding their user data.  Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, social media and/or published notice

41.     **Commonality and predominance.**  Common questions of law and fact exist as to all Class Members.  These common questions of law or fact predominate over any questions

10

affecting only individual members of the proposed Class. Common questions include, but are not limited to, the following:

a. Whether Defendants collected, captured and otherwise obtained the biometric identifiers and information of Plaintiffs and Class Members;

b. Whether Defendants possessed the biometric identifiers and information of Plaintiffs and Class Members;

c. Whether Defendants disclosed, redisclosed and otherwise disseminated the biometric identifiers and information of Plaintiffs and Class Members;

d. Whether Defendants profited from the biometric identifiers and information of Plaintiffs and Class Members;

e. Whether Defendants provided the notice required by BIPA before collecting, capturing, obtaining, disclosing, redisclosing and otherwise disseminating the biometric identifiers and information of Plaintiffs and Class Members;

f. Whether Defendants obtained enforceable written releases from Plaintiff and Class Members or their authorized representatives before collecting, capturing, obtaining, disclosing, redisclosing and otherwise disseminating the biometric identifiers and information or Plaintiffs and Class Members;

g. Whether Defendants had in place – and disclosed to the public – the written retention and destruction policies required by BIPA while in possession of Plaintiff's and Class Members' biometric identifiers and information;

h. Whether Defendants protected Plaintiffs' and Class Members' biometric identifiers and information from disclosure using the reasonable standard of

care within Defendants' industry and in a manner that was the same as or more protective than the manner in which Defendants protects other confidential and sensitive information;

i.  Whether Plaintiffs and Class Members suffered damages as a proximate result of Defendants; and

j.  Whether Plaintiffs and Class Members are entitled to damages, equitable relief and other relief.

42.  **Typicality.** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs has no interests to advance adverse to the interests of the other members of the proposed Class.

43.  **Adequacy.** Plaintiff will fairly and adequately protect the interests of the proposed Class and has retained as counsel attorneys experienced in class actions and complex litigation.

44.  **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class Member, while meaningful on an individual basis, may not be of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if Class Members could afford individual litigation, those actions would put immeasurable strain on the court system. Moreover, individual litigation of the legal and factual issues of the case would increase the delay and expense to all parties and the court system. A class action, however, presents far fewer management difficulties and provides the benefit of a single adjudication, economy of scale and comprehensive supervision by a single court.

45.  In the alternative, the proposed Class may be certified because:

a.   The prosecution of separate actions by each individual member of the proposed Class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants;

b.   The prosecution of individual actions could result in adjudications that as a practical matter would be dispositive of the interests of non-party Class Members or which would substantially impair their ability to protect their interests; and

c.   Defendants acted or refused to act on grounds generally applicable to the proposed Class, thereby making final and injunctive relief appropriate with respect to members of the proposed Class.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**(VIOLATION OF BIPA – 740 ILCS § 14/15(a))**

46.   Plaintiff restates and realleges paragraphs 1-43 of this Class Action Complaint as though fully set forth herein.

47.   As alleged above, Defendants violated BIPA by failing to develop a written policy made available to the public that established a retention schedule and guidelines for permanently destroying biometric identifiers and information.

48.   Defendants' violations of BIPA were intentional and reckless or, pleaded in the alternative, negligent.

49.   As a direct and proximate result of Defendants' violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury.

50.   Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

51.     Unless and until enjoined and restrained by order of this Court, Defendants' wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons.  Plaintiff and Class Members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

52.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

**COUNT TWO**
**(VIOLATION OF BIPA – 740 ILCS § 14/15(b))**

53.     Plaintiff restates and realleges paragraphs 1-43 of this Class Action Complaint as though fully set forth herein .

54.     As alleged above, Defendants violated BIPA by collecting, capturing, and otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class Members, without providing the requisite written information and without obtaining the requisite written releases.

55.     Defendants' violations of BIPA were intentional and reckless or, pleaded in the alternative, negligent.

56.     As a direct and proximate result of Defendants' violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury.

57.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

58.     Unless and until enjoined and restrained by order of this Court, Defendants' wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class

Members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiff and Class Members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of Plaintiffs' and Class Members' biometric identifiers and information.

59. Plaintiffs and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

## COUNT THREE
## (VIOLATION OF BIPA – 740 ILCS § 14/15(d))

60. Plaintiff restates and realleges paragraphs 1-43 of this Class Action Complaint as though fully set forth herein.

61. As alleged above, Defendants violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiffs and Class Members, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure and redisclosure; (b) the disclosure and redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure and redisclosure was not required by State or federal law or municipal ordinance; and (d) the disclosure and redisclosure was not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

62. Defendants' violations of BIPA were intentional and reckless or, pleaded in the alternative, negligent.

63. As a direct and proximate result of Defendants' violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury.

64.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

65.     Unless and until enjoined and restrained by order of this Court, Defendants' wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons.  Plaintiff and Class Members have no adequate remedy at law for their injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

66.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

## COUNT FOUR
## INJUNCTIVE RELIEF

67.     Plaintiff restates and realleges paragraphs 1-43 of this Class Action Complaint as though fully set forth herein.

68.     Plaintiff and Class Members have clear and ascertainable rights in need of protection – namely: (a) the right to have Defendants abide by their obligations under BIPA; (b) the right to control their biometric identifiers and information; and (c) the right to privacy.

69.     Plaintiff and Class Members have no adequate remedy at law because a legal remedy cannot retrieve the biometric identifiers and information that Defendants unlawfully collected, captured, obtained, disclosed, redisclosed, disseminated and otherwise profited from, and cannot end the invasion of privacy caused by Defendants' conduct.

70.     Plaintiff and Class Members will suffer irreparable harm, as alleged herein, caused by Defendants if their conduct is not so restrained, requiring injunctive relief.

71.     Plaintiff and Class Members are likely to succeed on the merits because, as alleged herein, Defendants unlawfully collected, captured, obtained, disclosed, redisclosed, and disseminated Plaintiff's and Class Members' biometric identifiers and information despite being prohibited from doing so.

72.     Plaintiff and Class Members seek injunctive relief: (a) barring Defendants from any further use of Plaintiff's and Class Members' biometric identifiers and information; (b) barring Defendants from continuing to collect, capture, obtain, disclose, redisclose, disseminate or profit from Plaintiff's and Class Members' biometric identifiers and information; (c) requiring Defendants to delete and destroy Plaintiff's and Class Members' biometric identifiers and information; and (d) requiring Defendants to claw back the biometric identifiers and information from any third parties to whom Defendants disclosed, redisclosed or disseminated it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully seek from the Court the following relief:

a.     Certification of the Class as requested herein;

b.     Appointment of Plaintiff as Class representative and undersigned counsel as Class counsel;

c.     An award of damages for Plaintiff and members of the proposed Class, including statutory and punitive damages;

d.     An award of equitable, injunctive and declaratory relief for Plaintiff and members of the proposed Class, including an injunction (i) barring Defendants from any further use of individuals' biometric identifiers and information; (ii) barring Defendants from continuing to collect, capture, obtain, disclose,

redisclose, disseminate and/or profit from Plaintiff's and Class Members' biometric identifiers and information; (iii) requiring Defendants to delete and destroy all biometric identifiers and information in its possession, custody and control; and (iv) requiring Defendants to claw back the biometric identifiers and information from any third parties to whom Defendants disclosed, redisclosed and disseminated it;

e.   An award of pre-judgment and post-judgment interest for Plaintiff and members of the proposed Class, as permitted by law;

f.   An award for Plaintiff and members of the proposed Class of reasonable attorneys' fees and costs of suit, including expert witness fees; and

g.   An award for Plaintiff and members of the proposed Class of any further relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all claims so triable.

Dated: May 8, 2020

Respectfully submitted,

*/s/ Katrina Carroll*
Katrina Carroll
Kyle A. Shamberg
Nicholas R. Lange
CARLSON LYNCH LLP
111 West Washington Street, Suite 1240
Chicago, Illinois 60602
312.750.1265
kcarroll@carlsonlynch.com
kshamberg@carlsonlynch.com
nlange@carlsonlynch.com